IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.: 1:25-cv-01965-SKC-CYC

CSMN OPERATIONS LLC, *et al.*,

      Plaintiffs,

v.

ROCKY MOUNTAIN HOSPITAL and
MEDICAL SERVICE INC., d/b/a ANTHEM
BLUECROSS and BLUESHIELD, *et al.,*

      Defendants.

---

## MOTION TO VACATE OR CONTINUE SCHEDULING CONFERENCE AND RELATED DEADLINES

---

Defendants[1] move this Court to vacate the Scheduling Conference set for June

---

[1] The following Defendants join in this Motion: Defendants Rocky Mountain Hospital and Medical Service, Inc.; Anthem Health Plans, Inc. dba Anthem Blue Cross and Blue Shield, incorrectly identified on caption as Anthem Blue Cross and Blue Shield Connecticut; Anthem Insurance Companies, Inc. dba Anthem Blue Cross and Blue Shield, incorrectly identified on caption as Anthem Blue Cross and Blue Shield Indiana; Healthy Alliance Life Insurance Company dba Anthem Blue Cross and Blue Shield, incorrectly identified on caption as Anthem Blue Cross and Blue Shield Missouri; Community Insurance Company dba Anthem Blue Cross and Blue Shield, incorrectly identified on caption as Anthem Blue Cross and Blue Shield Ohio; Anthem Health Plans of Virginia, Inc. dba Anthem Blue Cross and Blue Shield, incorrectly identified on caption as Anthem Blue Cross and Blue Shield Virginia; Wells Fargo & Company Health Plan; The Tulane University Welfare Benefits Plan; The SNC-Lavalin Employee Benefits Plan; Blue Cross and Blue Shield of Massachusetts, Inc.; Blue Cross Blue Shield of Michigan; Capital Blue Cross; BlueCross BlueShield of Tennessee, Inc.; Ahold USA Inc. Master Welfare Benefit Plan, sued as "Ahold USA Inc. Master Welfare Plan"; Independence Blue Cross, LLC; the Capital One Financial Corporation Employee Welfare Plan; US Acute Care Solutions, Inc. Employee

16, 2026 ("Scheduling Conference") and reset the conference at a time that coordinates with the Court's anticipated ruling on the Defendants' Motion to Stay Discovery Pending Resolution of Defendants' Dispositive Motions (ECF No. 539) ("Motion to Stay").

Defendants' Motion to Stay demonstrates that this Court should stay discovery and all related deadlines—including the Scheduling Conference—until the many pending and to-be-filed motions to dismiss are resolved. The Motion to Stay is set for hearing on July 9, 2026, after the Scheduling Conference. The Court's resolution of the Motion to Stay would directly impact essentially every issue that the parties and Court could discuss at the Scheduling Conference and could potentially moot any

---

Medical Benefit Plan f/k/a EMP Management Group, Ltd. Health Plan; Premera Blue Cross; the Amazon and Subsidiaries Shared Deductible Plan; the PACCAR Welfare Benefits Plan; the Microsoft Corporation Welfare Plan; Blue Cross Blue Shield of South Carolina; Horizon Blue Cross and Blue Shield of New Jersey; Blue Cross Blue Shield of Wyoming; Blue Cross and Blue Shield of Kansas City; California Physicians' Service dba Blue Shield of California; CareFirst BlueCross BlueShield; Health Care Service Corporation, a Mutual Legal Reserve Company, unincorporated subdivisions of which are Blue Cross and Blue Shield of Illinois, Blue Cross and Blue Shield of Oklahoma, Blue Cross and Blue Shield of Texas, and Blue Cross and Blue Shield of Montana; Baker Tilly Advisory Group LP, sued as Baker Tilly Group Insurance Plan; Palo Alto Networks, Inc., sued as Palo Alto Networks Welfare Benefit Plan; Regence BlueShield; Regence BlueCross BlueShield of Utah; Pathway Vet Alliance LLC Health and Welfare Plan; Worldwide Insurance Services, LLC, dba GeoBlue; Blue Cross of Idaho; and Excellus BlueCross BlueShield.

Many of the Defendants have challenged personal jurisdiction and subject matter jurisdiction in this District.  By joining this procedural motion, Defendants asserting such jurisdictional challenges specifically reserve, and do not waive, all jurisdictional defenses.  Nothing herein should be construed as a general appearance by these Defendants or their Counsel or consent to appear in this forum.

2

schedule that the Court would set at the Conference. To avoid this result and to allow time for the Court to resolve the Motion to Stay, Defendants respectfully request that the Court vacate the Scheduling Conference or continue it until after resolution of the Motion to Stay.[2]

### A. **Plaintiffs and Defendants Jointly Moved to Stay the Scheduling Conference For The Same Reasons That the Upcoming Scheduling Conference Should Be Stayed**

1. Plaintiffs and Defendants have made three joint requests for the Court to postpone prior scheduling conferences in this case. The reasons cited by Plaintiffs and Defendants to establish good cause to postpone the scheduling conference in all three requests are still present and establish good cause to reset the upcoming Scheduling Conference.

2. First, Plaintiffs and Defendants jointly moved to continue the scheduling conference scheduled for October 29, 2025 until after the Court ruled on the then-pending order to show cause and after the Court decided "defendants' pending motions to dismiss" and "expected forthcoming motions to dismiss." (ECF No. 102.) The parties agreed that good cause existed because "[t]he previously filed or forthcoming motions to dismiss may resolve Plaintiffs' claims in their entirety or narrow the issues in dispute and the parties to this action." *Id.*

---

[2] **D.C.Colo.L.CivR 7.1(a) conferral certification:** Plaintiffs oppose the relief sought in this motion.

3.      On October 20, 2025, the Court reset the scheduling conference to February 10, 2026, but did not grant the full extent of the parties' request to stay the scheduling conference and all related deadlines until after any pending or forthcoming motions to dismiss had been resolved. (ECF No. 104.) However, the order invited the parties to "file a motion to stay, analyzing the factors mention[ed] in *String Cheese Incident*." (*Id.*) Defendants provided this analysis to the Court in the Motion to Stay.

4.      Second, Plaintiffs and Defendants jointly moved the Court to continue the Scheduling Conference set for February 10, 2026 to "allow sufficient time for Plaintiffs to complete the service of all Defendants with legal process or obtain waivers of service, for all Defendants to enter an appearance in the case, and for all Defendants to respond substantively to the" First Amended Complaint. (*See* ECF No. 335.) The parties agreed that "[a]llowing these steps to be completed in advance of the Scheduling Conference would serve the interests of judicial economy, inure to the benefit of all Defendants and Plaintiffs, and would cause no prejudice." (*Id.*) The Court granted the parties' motion and reset the Scheduling Conference to April 16, 2026. (*See* ECF No. 343.)

5.      Third, Plaintiffs and Defendants jointly moved to reset the scheduling conference set for April 16, 2026, explaining that the "Rule 26(f) process is premature" because of "ongoing motions to dismiss briefing," and that a "continuance [was] necessary to complete the briefing on the various motions to dismiss" and would not

prejudice any party. (ECF No. 492.) The Court again granted the motion and reset the Scheduling Conference to its current date, June 16, 2026. (ECF No. 496.)

B. **The Parties Have Not Finished Briefing Various Motions to Dismiss, and Several Defendants Have Yet to Respond to the Complaint**

6.      Plaintiffs filed the First Amended Complaint on November 4, 2025. (ECF No. 127.) Many defendants have filed motions to dismiss the First Amended Complaint, raising issues challenging personal and subject matter jurisdiction and Plaintiffs' substantive causes of action. (*See e.g.,* ECF Nos. 214, 217–18, 220, 316, 381, 438, 440, 442, 473, 502, 518.)

7.      Most of the motions to dismiss are not fully briefed due to extensions of time to respond sought by Plaintiffs and Defendants. Other Defendants have not yet responded to the First Amended Complaint.

8.      The Court recently set a status conference for June 4, 2026 "to discuss streamlining resolution of the numerous Motions to Dismiss," noting "the number of Defendants in this case and the number of Motions to Dismiss already filed, and with more parties yet to answer or otherwise respond to the Amended Complaint." (ECF No. 565.)

C. **The Motion to Stay Could Moot Any Schedule that the Court Could Set at the Scheduling Conference**

9.      Defendants filed the Motion to Stay on May 12, 2026, asking the Court to stay all discovery, including the Scheduling Conference, until the many pending and to-be-filed motions to dismiss are resolved. (ECF No. 539.)

5

10.    As explained in the Motion to Stay, there are threshold legal and jurisdictional issues raised in the motions to dismiss that have been or will be filed, the resolution of which may eliminate or significantly narrow the scope of claims and numbers of Defendants, and dictate the appropriate scope of discovery (if any) moving forward. (*See generally id.*)

11.    The Court set a hearing on the Motion to Stay for July 9, 2026. (ECF No. 558.) Plaintiffs filed a response to the Motion to Stay on May 20, 2026, several days before their deadline to respond under the Local Rules. (ECF No. 562.) Defendants anticipate quickly filing a reply in further support of the Motion to Stay so that it will be fully briefed and ripe for the Court's decision well in advance of the July 9 hearing.[3]

### D. Good Cause Exists to Vacate the Scheduling Conference

12.    All of the reasons underlying Plaintiffs' and Defendants' multiple joint requests to reset prior scheduling conferences continue to apply with full force and demonstrate good cause to vacate the upcoming Scheduling Conference.

13.    First, the majority of defendants named in this action have either not responded to the First Amended Complaint or have filed motions to dismiss that have not been fully briefed. As Plaintiffs and Defendants acknowledged in their several joint motions to continue the scheduling conference, vacating or continuing the upcoming Scheduling Conference would provide additional time "for Plaintiffs to

---

[3] Defendants plan to file their reply to the Motion to Stay in advance of the June 4, 2026 status conference so that the Court can consider the need to stay discovery as a necessary component of streamlining resolution of the motions to dismiss.

complete the service of all Defendants with legal process or obtain waivers of service, for all Defendants to enter an appearance in the case, and for all Defendants to respond substantively to the FAC." (*See* ECF No. 335.) "Allowing these steps to be completed in advance of the Scheduling Conference would serve the interests of judicial economy, inure to the benefit of all Defendants and Plaintiffs, and would cause no prejudice." (*Id.*)

14.     Second, vacating the Scheduling Conference or otherwise continuing it to a date after resolution of the Motion to Stay ensures the necessary time for that Motion to be fully heard and decided. If the Court grants the Motion to Stay, it would likely result in a stay of discovery until the pending motions to dismiss are decided and necessarily impact any schedule that the Court would set at the Scheduling Conference. The convenience of the Court and the parties is best served by sequencing this process so the Scheduling Conference occurs after the Motion to Stay is decided. This would allow any scheduling order that the Court would determine at the Scheduling Conference to be aligned with the Court's decision on the Motion to Stay.

15.     Finally, as explained in the Motion to Stay, the pending motions to dismiss raise threshold issues regarding whether certain Defendants are subject to the jurisdiction of this Court, whether personal jurisdiction, subject matter jurisdiction, or both. Those threshold issues may impede a productive Scheduling Conference, as it limits the ability of certain defendants to participate for fear of waiving their jurisdictional defenses. This issue will be resolved if the Court grants

7

the Motion to Stay such that discovery and the Scheduling Conference takes place after these jurisdictional issues are decided.

WHEREFORE, for the reasons set forth above and good cause shown, Defendants request that the Court vacate the Scheduling Conference set for June 16, 2026, or otherwise continue it to a date after the Court resolves the Motion to Stay.

DATED this 28th day of May, 2026.

/s/ Blake A. Gansborg
Blake A. Gansborg
Halley T. Herbst
Nelson Mullins Riley & Scarborough LLP
1400 Wewatta Street, Suite 500
Denver, CO  80202
Telephone: (303) 583-9900
Facsimile: (303) 583-9999
blake.gansborg@nelsonmullins.com
halley.herbst@nelsonmullins.com

Bradley D. Barringer
Nelson Mullins Riley & Scarborough LLP
1320 Main Street, 17th Floor
Columbia, SC 29201
Telephone: (803) 799-2000
Facsimile: (803) 256-7500
brad.barringer@nelsonmullins.com

*Attorneys for Defendants Rocky Mountain Hospital and Medical Service, Inc.; Anthem Health Plans, Inc. dba Anthem Blue Cross and Blue Shield, incorrectly identified on caption as Anthem Blue Cross and Blue Shield Connecticut; Anthem Insurance Companies, Inc. dba Anthem Blue Cross and Blue Shield, incorrectly identified on caption as Anthem Blue Cross and Blue Shield Indiana; Healthy Alliance Life Insurance Company dba Anthem Blue Cross and Blue Shield, incorrectly identified on caption as*

*Anthem Blue Cross and Blue Shield
Missouri; Community Insurance Company
dba Anthem Blue Cross and Blue Shield,
incorrectly identified on caption as Anthem
Blue Cross and Blue Shield Ohio; Anthem
Health Plans of Virginia, Inc. dba Anthem
Blue Cross and Blue Shield, incorrectly
identified on caption as Anthem Blue Cross
and Blue Shield Virginia; and Wells Fargo &
Company Health Plan*

/s/ Donald P. Sullivan
Donald Patrick Sullivan
JACKSON LEWIS PC
50 California Street, 9th Floor
San Francisco, CA 94111
415-796-5453
donald.sullivan@jacksonlewis.com

Rene E. Thorne
JACKSON LEWIS P.C.
601 Poydras Street, Suite 1400
New Orleans, LA 70130
504-208-1755
rene.thorne@jacksonlewis.com

*Attorneys for Defendants The Tulane
University Welfare Benefits Plan and The
SNC-Lavalin Employee Benefits Plan*

/s/ Ada W. Dolph
Ada W. Dolph
SEYFARTH SHAW LLP
233 S. Wacker Drive
Suite 8000
Chicago, IL 60606-6448
adolph@seyfarth.com
Telephone: (312) 460-5977
Facsimile: (312) 460-7000

Amanda L. Genovese (pro hac vice
forthcoming)

9

SEYFARTH SHAW LLP
620 Eighth Avenue
New York, NY 10018-1405
agenovese@seyfarth.com
Telephone: (212) 218-5621

*Attorneys for Defendants Blue Cross and
Blue Shield of Massachusetts, Inc. and Blue
Cross Blue Shield of Michigan*

/s/ Matthew M. Haar
Matthew M. Haar
SAUL EWING LLP
2 N. Second Street, 7th Floor
Harrisburg, PA 17101
Matt.haar@saul.com
Telephone (717)257-7508

*Attorneys for Capital Blue Cross*

/s/ John B. Shely
John B. Shely
HICKS THOMAS LLP
700 Louisiana Street # 2300
Houston, TX 77002
jshely@hicks-thomas.com
Telephone: (713) 547-9100
Facsimile: (713) 547-9150

*Attorneys for Defendant BlueCross
BlueShield of Tennessee, Inc.*

/s/ Kathleen E. Perkins
Kathleen E. Perkins
HUNTON ANDREWS KURTH LLP
101 South Tryon Street, Suite 3500
Charlotte, NC 28280
Tel.: (704) 378-4713
Email: kperkins@hunton.com

Neil K. Gilman
HUNTON ANDREWS KURTH LLP
2200 Pennsylvania Avenue, N.W.
Washington, DC 20037-1701
Tel.: (202) 955 15000
Email: ngilman@hunton.com

10

*Attorneys for Defendant Ahold USA Inc.
Master Welfare Benefit Plan, sued as "Ahold
USA Inc. Master Welfare Plan"*

*/s/ Geoffrey Forney*
Geoffrey Forney
FISHER & PHILLIPS LLP
One Monument Square, Ste. 201
Portland, ME 04101
202-615-8315/ gforney@fisherphillips.com

*Attorneys for Independence Blue Cross, LLC*

*/s/ Sean P. Nalty*
Sean Patrick Nalty
OGLETREE DEAKINS NASH SMOAK &
STEWART PC
One Embarcadero Center
Tower Three, Suite 900
San Francisco, CA 94111
Telephone: 415-369-3552
sean.nalty@ogletree.com

*Attorneys for Defendant Capital One
Financial Corporation Employee Welfare
Plan*

*/s/ Katherine Raunikar*
Katherine Raunikar
BAKERHOSTETLER LLP
1801 California Street, Suite 4400
Denver, CO 80202
303-764-4063
kraunikar@bakerlaw.com

*Attorneys for Defendant US Acute Care
Solutions f/k/a The EMP Management
Group, Ltd. Health Benefits Plan*

*/s/ Gwendolyn Payton*
Kevin M. Bell, #39102
KILPATRICK TOWNSEND & STOCKTON
LLP
1400 Wewatta Street, Suite 600

11

Denver, Colorado 80202
Telephone: 303-571-4000
Facsimile: 303-571-4321
Email: kbell@ktslaw.com

Gwendolyn C. Payton (admitted to the
District of Colorado)
Washington State Bar No. 26752
KILPATRICK TOWNSEND & STOCKTON
LLP
1420 Fifth Ave., Suite 3700
Seattle, Washington 98101
Telephone: (206) 497-9600
Facsimile: (206) 299-0414
Email: gpayton@ktslaw.com

Chad D. Hansen (admitted to the District of
Colorado)
North Carolina State Bar No. 32713
KILPATRICK TOWNSEND & STOCKTON
LLP
1001 West Fourth Street
Winston-Salem, NC 27101
Telephone: (336) 607-7308
Facsimile: (336) 734-2616
Email: chadhansen@ktslaw.com

Zoe P. Stendara (admitted to the District of
Colorado)
Texas Bar No. 24122986
KILPATRICK TOWNSEND & STOCKTON
LLP
2001 Ross Avenue, Suite 4400
Dallas, TX 75201
Telephone: (214) 922-7115
Facsimile: (214) 279-1415
Email: zstendara@ktslaw.com

*Attorneys for Defendants Premera Blue
Cross, the Amazon and Subsidiaries Shared
Deductible Plan, the PACCAR Welfare
Benefits Plan, the Microsoft Corporation
Welfare Plan, Blue Cross Blue Shield of
South Carolina, and Horizon Blue Cross and
Blue Shield of New Jersey*

 */s/ Carol B. Lewis*
Rebecca R. Hanson
RHanson@crowell.com
Taylor A. Marcusson

12

tmarcusson@crowell.com
CROWELL & MORING LLP
300 N. LaSalle Drive Suite 2500
Chicago, IL 60654

Carol B. Lewis
CROWELL & MORING LLP
515 South Flower Street, Suite 4100
Los Angeles, CA 90071

*Attorneys for Blue Cross Blue Shield of
Wyoming, Blue Cross and Blue Shield of
Kansas City, California Physicians' Service
dba Blue Shield of California, CareFirst
BlueCross BlueShield, Health Care Service
Corporation, a Mutual Legal Reserve
Company, unincorporated subdivisions of
which are Blue Cross and Blue Shield of
Illinois, Blue Cross and Blue Shield of
Oklahoma, Blue Cross and Blue Shield of
Texas, and Blue Cross and Blue Shield of
Montana, Baker Tilly Advisory Group LP,
sued as Baker Tilly Group Insurance Plan,
and Palo Alto Networks, Inc., sued as Palo
Alto Networks Welfare Benefit Plan*

*/s/Elizabeth A. Och*
Elizabeth A. Och
HOGAN LOVELLS US LLP
1601 Wewatta Street, Suite 900
Denver, Colorado 80202
elizabeth.och@hoganlovells.com

Briana L. Black
(pro hac motion forthcoming)
HOGAN LOVELLS US LLP
555 Thirteenth Street, NW
Washington, D.C. 20004
briana.black@hoganlovells.com

*Attorneys for Defendants Regence BlueShield
and Regence BlueCross BlueShield of Utah*

13

/s/ Taryn H. Hill
Taryn H. Hill
GORDON REES SCULLY MANSUKHANI
LLP
One North Wacker Drive, Suite 1600
Chicago, IL 60606
(312) 980-6785
thill@grsm.com

*Attorneys for Defendants Pathway Vet
Alliance LLC Health and Welfare Plan and
Worldwide Insurance Services, LLC, dba
Geoblue*

/s/ Samuel A. Diddle
Samuel A. Diddle
ELAM & BURKE, P.A.
251 E. Front Street, Suite 300
Boise, ID 83702
sdiddle@elamburke.com

Laura Trask Schneider
Pearl ♦ Schneider ♦ Young LLC
165 South Union Blvd, Suite 466
Lakewood, CO 80228
lschneider@pearlschneider.com

*Attorneys for Defendant Blue Cross of
Idaho*

/s/ Mark Brian Wiletsky
Mark Brian Wiletsky
HOLLAND & HART LLP
1800 Broadway
One Boulder Plaza, Suite 300
Boulder, CO 80302
T: 303-473-2864
mbwiletsky@hollandhart.com

Suzanne M. Messer
BOND, SCHOENECK & KING
One Lincoln Center

14

Syracuse, NY 13202
T: 315.218.8000
messers@bsk.com

*Attorneys for Defendant Excellus BlueCross
BlueShield*

15

## CERTIFICATE REGARDING USE OF GENERATIVE ARTIFICIAL INTELLIGENCE

Undersigned counsel certifies that generative artificial intelligence was not used to draft this filing.

/s/ Blake A. Gansborg
Blake A. Gansborg


## CERTIFICATE OF SERVICE

I hereby certify that on this 28th day of May, 2026, I electronically filed the

**MOTION TO VACATE OR CONTINUE SCHEDULING CONFERENCE AND RELATED DEADLINES** with the Clerk of Court using the CM/ECF system which will send notification of the filing to all attorneys of record.

/s/ Blake A. Gansborg
Blake A. Gansborg